UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LOPEZ, et al., | No. 2:17-cv-1475-KJM-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| BRUCE MINTZER, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiffs Robert Lopez and R.G., who proceed without counsel, commenced this action on July 17, 2017. (ECF No. 1.) Plainitff Robert Lopez has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

For the reasons discussed below, the court concludes that it lacks federal subject matter jurisdiction over the action. Accordingly, the court recommends that the action be dismissed without prejudice, and that plaintiff's application to proceed *in forma pauperis* in this court be

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

denied as moot.

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Here, plaintiffs checked a box indicating that they bring this action pursuant to federal question jurisdiction. (ECF No. 1 at 3.) However, plainitffs assert claims based upon illegal eviction, fraud, breach of contract, premises liability, business tort, and intentional distress. (Id. at 4.) Specifically, the complaint alleges:

> I was given a 3 day pay or quit from my landlord for the month of May for not paying rent of $265.00. I am only responsible for $84.00 per month per SHRA contract. Breach of Contract for failing to comply to the limited warranty habitable living state housing law [sic]. Fraud, no onsite management of information to legally do business.

(Id. at 5.)

In this case, the court plainly does not have federal question jurisdiction over the action, because plaintiffs do not assert any federal claims against defendant. Nor does it appear plausible that plaintiffs could assert some type of federal claim against defendant based upon an alleged breach of contract and unlawful eviction, which are governed by state law. Furthermore, there is no diversity of citizenship jurisdiction, because plaintiffs and defendant are all citizens of California. (See Id. at 1.) Therefore, the court recommends that the action be dismissed without prejudice for lack of federal subject matter jurisdiction.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without prejudice for lack of subject matter jurisdiction.
2. Plaintiff's motion to proceed *in forma pauperis* in this court (ECF No. 2) be denied as moot.
3. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: August 28, 2017

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/ps.17-1475.lopez v. mintzer.F&Rs re Dismissal for Lack of SMJ

3